IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELA S. FARRELL,  )
*an individual*,    )
                    )
    **Plaintiff,** )
        v. ) **Civil No. 19-598**
                    )
PATRICK SHANAHAN, *in his official* )
*and individual capacity as Secretary of* )
*Defense for the United States Department* )
**of Defense,** *et al.* )
                    )
    **Defendants.** )

## MEMORANDUM OPINION and ORDER

Angela S. Farrell commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to establish that the Department of Defense, with the aid of civilian medical personnel, is committing crimes, in part, by covertly implanting biomedical devices into Ms. Farrell without her consent, including "Remote Neural Monitoring: devices implanted in the skull and brain. ECF No. 1-1, ¶¶ 2-4. She also alleges that the Department of Defense is involved in a conspiracy to subject people to "non-consensual human experimentation." ECF No. 1-1, ¶ 15. Ms. Farrell explains that the devices were implanted "by my heart in my left chest attached by a medical wire into my spine and 'nano' material injected into my head and chest." ECF No. 1-1, ¶ 13. The devices that have been implanted, she alleges, are being used for nonconsensual behavior modification and mind-altering purposes, as well as causing physical pain, mental anguish, and emotional stress. ECF No. 1-1, ¶ 2. In addition, Ms. Farrell has attached as exhibits to her complaint over 300 pages of medical records, medical reports, affidavits, letters and other documents regarding herself, as well as investigations

performed by third parties. Ms. Farrell has also filed a Motion to Relate this case to a prior civil rights employment discrimination action she filed against her former employer in 2011. ECF No. 2.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). The Court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed in forma pauperis.

Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B). In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit. Id. An example of the second is a claim describing a factual scenario which is fantastic or delusional. Id. at 328. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted. It is based on both indisputably meritless legal theory and factual contentions which are at the very least fanciful. The Supreme Court has explained that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325. The complaint is devoid of any sound

basis to infer or assume that any of the named defendants committed an actionable wrong against Ms. Farrell. It follows that the complaint is grounded in indisputably meritless legal theory and is otherwise fantastic. Accordingly, the following order is appropriate.

**ORDER**

AND NOW, this 19th day of July, 2019, for the reasons set forth above, IT IS ORDERED that Plaintiff's Motion to Proceed in forma pauperis (ECF No. 1) is hereby **GRANTED**. The Clerk of Court shall file Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion to Relate Case No. 19-958 to Case No. 11-120 (ECF No. 2) is hereby **DENIED**.

IT IS FURTHER ORDERED that plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim. The Clerk of Court shall mark the case closed.

BY THE COURT:

Marilyn J. Horan
United States District Court Judge

cc: Angela S. Farrell, pro se
33 Fairfield Court
Pittsburgh, PA 15201